UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GREGORY MITCHELL,

    Plaintiff,

vs.                              Case No. 3:08-cv-911-J-HTS[1]

MICHAEL ASTRUE,
Commissioner of Social
Security,

    Defendant.

### **OPINION AND ORDER**[2]

### **I. Status**

This cause is before the Court seeking review of the final decision of the Commissioner of Social Security (Commissioner) terminating Plaintiff's benefits under the Social Security Act. Administrative remedies have been exhausted and the case is properly before the Court.

Plaintiff was awarded benefits effective October 20, 1988. However, on March 11, 2004, the Commissioner determined Plaintiff's disability ceased as of March 1, 2004. In a Decision dated

---

[1] The parties have consented to the exercise of jurisdiction by a United States Magistrate Judge. Notice, Consent, and Order of Reference-Exercise of Jurisdiction by a United States Magistrate Judge (Doc. #11).

[2] Pursuant to § 205(a)(5) of the E-Government Act of 2002, this order is available electronically. It is not otherwise intended for publication or to serve as precedent.

September 29, 2006, Administrative Law Judge (ALJ) Stephen C. Calvarese also determined that Mr. Mitchell's disability ceased as of March 1, 2004. Transcript of Administrative Proceedings (Tr.) at 20, 28. The Appeals Council (AC), on August 5, 2008, agreed with the ALJ's conclusion as to cessation of disability, but it did not adopt all of his findings. *See id.* at 10. On appeal to this Court, Claimant argues the "[t]he Appeals Council's decision . . . is not supported by substantial evidence and [is] contrary to the applicable legal authority." Memorandum in Support of Plaintiff's Appeal of the Commissioner's Decision (Doc. #8; Memorandum) at 1, 7 (emphasis omitted).

## II.  Standard of Review

The Commissioner periodically conducts "continuing disability reviews to determine whether or not [a claimant] continue[s] to meet the disability requirements of the law." 20 C.F.R. § 404.1590(a). In evaluating whether a claimant continues to be disabled, the ALJ must follow the sequential inquiry described in the regulations.[3] The Commissioner "will consider all [the

---

[3] The process involves eight questions posed until a finding of continued disability is either precluded or mandated. The questions are as follows: (1) Is the claimant engaged in substantial gainful activity?; (2) If not, does the claimant "have an impairment or combination of impairments which meets or equals the severity of an impairment listed in appendix 1 of this subpart?"; (3) If not, "has there been medical improvement as defined in paragraph (b)(1) of this section?"; (4) If yes, is the medical improvement related to the claimant's ability to do work?; (5) If there has been no medical improvement or the medical improvement is not related to the claimant's ability to do work, are "any of the exceptions in paragraphs (d) and (e)" applicable?; (6) If an exception applies or the medical improvement is related to the

claimant's] current impairments not just that impairment(s) present at the time of the most recent favorable determination." *Id.* § 404.1594(b)(5). "The new impairment(s) need not be expected to last 12 months or to result in death, but it must be severe enough to keep [the claimant] from doing substantial gainful activity, or severe enough so that [he or she is] still disabled under § 404.1594." *Id.* § 404.1598. In a termination of benefits case, the Court should consider whether substantial evidence supports the conclusion that "there has been . . . medical improvement in the individual's impairment or combination of impairments (other than medical improvement which is not related to the individual's ability to work), and . . . the individual is now able to engage in substantial gainful activity[.]" 42 U.S.C. § 423(f)(1).

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Whereas no special deference is accorded the application of legal principles, findings of fact "are conclusive if supported by substantial evidence[.]" *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007) (internal quotation marks omitted); *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001) (quoting *Falge v. Apfel*, 150 F.3d 1320, 1322 (11th Cir.

---

claimant's ability to do work, are the claimant's current impairments, when considered in combination, severe?; (7) If yes, can the claimant perform his or her past work?; (8) If not, can he or she engage in other work of the sort found in the national economy? *Id.* § 404.1594(f)(1)-(8).

-3-

1998)). Substantial evidence has been defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Falge*, 150 F.3d at 1322 (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see also Ingram*, 496 F.3d at 1260. Despite the existence of support in the record, the ALJ's determination may not be insulated from remand where there is a "failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted[.]" *Ingram*, 496 F.3d at 1260 (internal quotation marks omitted); *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

### III. Analysis

According to Claimant, "[i]n the instant matter there was no expert testimony offered, or other evidence provided, to support a finding that [he] could perform jobs that exist in 'significant numbers' in the national economy." Memorandum at 9 (internal quotation mark and emphasis omitted). Plaintiff asserts the Appeals Council, by only determining he could perform certain occupations, "took a shortcut to reach a not disabled finding[,]" *id.* at 10 (internal quotation marks omitted), rather than "set[ting] forth the number of driving, cleaning, janitor or supply

clerk <u>jobs</u> existing in the national economy" that are compatible with his "specific impairments and [residual functional capacity (RFC).]" *Id.* at 11.

Defendant acknowledges the burden of proof in this case "shifted to the Commissioner to show that there was other work Plaintiff could perform given his age, education, prior work experience, and RFC." Memorandum in Support of the Commissioner's Decision (Doc. #13; Opposition) at 5. However, it is maintained "[s]ubstantial evidence supports the AC's finding that Plaintiff could perform other work which exists in significant numbers in the national and regional economies." *Id.* at 4 (citation to record omitted). The Commissioner points out the ALJ posed a hypothetical to the vocational expert (VE) "more restrictive than [his] RFC finding[,] which the AC adopted and which Plaintiff does not challenge." *Id.* at 7 (citations to record omitted). The VE, in response, "identified two jobs existing in significant numbers which Plaintiff can perform. Just because the AC did not specifically refer to the VE's testimony regarding the significant number of surveillance monitor and document preparer jobs does not mean the Commissioner's decision is not supported by substantial evidence." *Id.*

The Appeals Council, which "has the power to affirm, modify or reverse the administrative law judge hearing decision[,] acted

within its authority and modified the ALJ's decision." *Sanders v. Astrue*, No. 08-0361-CV-W-RED, 2009 WL 961939, at *1 (W.D. Mo. Apr. 8, 2009) (internal quotation marks omitted). Consequently, the Court will review the council's determination as the Commissioner's final decision. *See, e.g., id.* Here, the Appeals Council explicitly "adopted the residual functional capacity established by the Administrative Law Judge and [determined] the jobs cited by the vocational expert (*i.e. janitor, cleaner, supply clerk, and driver*) accommodate those limitations." Tr. at 8 (emphasis added; citation to Decision omitted); *see also id.* at 9. It thus did not rely on the jobs now identified by Defendant to justify an affirmance in this case, *see* Opposition at 6 ("surveillance monitor and document preparer"), and did not make a finding as to whether such sedentary jobs exist in significant numbers.[4]

At the final step of the process, as conceded in the Opposition, *see id.* at 5, "the burden is on the Commissioner to show that other work exists in significant numbers in the national economy that the claimant is able to perform." *Pettus v. Astrue*, 226 F. App'x 946, 948 (11th Cir. 2007) (per curiam) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)). Pursuant to 42 U.S.C. § 423(d)(2)(A), the work must exist "in significant numbers

---

[4] With regard to the occupations relied upon by the AC, on the other hand, there is no evidence demonstrating the number of these jobs Claimant could perform given his work-related functional limitations.

either in the region where such individual lives or in several regions of the country."

Because "[t]here is no precise boundary between a significant and an insignificant number of jobs for the purpose of determining whether a claimant can perform work existing in the national economy[,]" this decision "should ultimately be left to an administrative law judge's common sense as applied to a particular claimant's factual situation in light of the controlling statutory language." 3 Soc. Sec. Law & Practice § 43:137. Ordinarily, "it is inappropriate for the federal courts to determine in the first instance whether a particular number of jobs is a significant number." *Segovia v. Astrue*, 226 F. App'x 801, 804 (10th Cir. 2007); *cf. Sanchez v. Barnhart*, 388 F. Supp. 2d 405, 411 (D. Del. 2005) ("[T]he A.L.J. must find that there are other jobs existing in significant numbers in the national economy[.]"). The Court will therefore tread on the side of caution and remand this case for further proceedings. Additional testimony or other evidence should be obtained, as appropriate, to aid this determination. A finding, supported by substantial evidence, must then be made as to whether the work is present in significant numbers.

## IV. Conclusion

In accordance with the foregoing, it is hereby **ORDERED:**

The Clerk of the Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) **REVERSING** the Commissioner's decision and remanding with instructions to 1) make a finding, supported by substantial evidence, as to the number of jobs Claimant can perform that exist in the national economy; 2) determine whether, in light of that quantity, the work exists in significant numbers; and 3) conduct any further proceedings deemed proper.

**DONE AND ORDERED** at Jacksonville, Florida, this 1st day of June, 2009.

/s/     Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE


Copies to:

Counsel of record
    and pro se parties, if any